

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. D. Richard Voges
County Attorney
Wilson County

Dear Sir:                    Reconsideration of Opinion No. O-2142-A

    As requested in your letter of April 26, 1940, this department has reconsidered our Opinion No. O-2142, approved April 11, 1940, wherein the following question was presented:

    "Does the fact that House Bill 432 amends only Section 1, Article 952, and also declares an emergency by Section 2, amend all of the sections of the original Article 952 ?"

    In answer to the above question, this department ruled that it was the intention of the Legislature, in amending Section 1 of Article 952 of Vernon's Penal Code, that all of the sections of said Article were affected by said amendment, thus making Article 952, supra, as a whole, applicable to Wilson County.

    After carefully reviewing said opinion and the case cited by you of Shipley vs. Floydada Independent School District, 250 S. W. 159, we are unable to agree with you that we erred in the above ruling.

    Section 1 of Article 952, Vernon's Penal Code, is easily seen to be the key section of this statute, and upon which the other sections are wholly dependent. When the amended Section 1 is given its rightful place assigned to it by the Legislature, there is nothing in the body of the amendatory House Bill 432, 46th Legislature, to show that other sections of the Act dependent on this section would not remain dependent upon the amendatory section. Drawing from the language used in the Shipley case, supra:

    "When a new section has been introduced into

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

a law, it must be construed in view of the __original statute__ as it stands after the amendment is introduced, and it and all the sections of the old law must be regarded as a harmonious whole, all sections mutually acting upon each other."

We have concluded that the Legislature's intention was, as stated in the emergency clause of House Bill 432, 56th Legislature, "to place Wilson County in the same status as the adjoining counties." Having reached that conclusion, there is little significence to be attached to the language of the title to the bill, "To Amend Section 1" of Article 952 of the Penal Code of Texas, when the other sections are so expressly related to Section 1 and being germane to the subject of Article 952, supra, same are necessary in the maintaining of Wilson County in equal status with the adjoining counties.

A reference to an article in a code, such as the Revised Civil Statutes, is sufficient in the title of an act amendatory thereof to allow any amendment germane to the subject treated in the article referred to; the reason therefor being that the naming of the article or law to be amended directs the attention of the Legislators to all of the provisions therein, as the subject of the amending act, and that such provisions can be ascertained by reading the articles to be amended. Cernoch et ux. vs. Colorado County, 48 S. W. (2d) 471; Ex parte Erck, 128 S. W. (2d) 775.

Having acted upon your request for a reconsideration of Opinion No. O-2142, we respectfully advise that in our opinion it is correct.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  (s)

Wm. J. R. King
Assistant

WJRK/os
APPROVED JUNE 6, 1940
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B. W. B.
Chairman